IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

2009 APR -6  AM 9: 20

DEBORAH PARIS )
    Plaintiff, )
 )
 )   Case No. 4:08-CV-71-AS-PRC
v. )
 )
FAITH PROPERTIES, INC., *et al* )
    Defendants. )

To the Honorable Judge Sharp:

Comes now the Plaintiff, Deborah Paris, to petition this honorable court to place on hold any and all proceedings in the above titled action. I am doing this because there appears to be an undisclosed conflict of interest between at least one of my attorneys, Mr. Thomas Paxton, and the probable insurance carrier for the defendants.

The Defendant's law office copied an email dated February 11, 2009, (see exhibit A), sent to Mr. Robert Goldstein and to a rlamere@phlyins.com. Mr. Paxton, who is a Title VII employment law expert had told me that the only reason that he took my case was because it was so simple and clean cut and that he normally does defense for insurance companies. The fact that the above mentioned e-mail was copied to Philadelphia Insurance was pointed out to Mr. Paxton at a meeting on February 16, 2009. His comment was, "We do a lot of defense work for Philadelphia Insurance and there are only two adjusters that would deal with this sort of case and I know both of them."

I sent Mr. Paxton an email dated 03/23/09 at 10:25pm as well as a certified letter on 03/24/09, asking him to address the concerns that I have with the probable conflict of interest. I received an e-mail response from Mr. Paxton on 03/25/09 at 8:38am where he stated that he would be "happy" to address my concerns and would do so at the beginning of the week of March 28, 2009. I followed up to this e-mail 03/25/09 at 1:20pm stating with great specificity the questions I wanted answered immediately in this matter. As of 04/06/09 there has been no communication of any kind from Mr. Paxton.

I again pray that this honorable court would place on hold any and all proceedings in this matter while I attempt to secure some truthful answers from my attorneys. I also question whether the

amended complaint filed 02/25/09 is possibly tainted due to this alleged undisclosed conflict of interest. Please allow me adequate time to sort this matter out.

Respectfully,

*Deborah Paris*

Deborah Paris

SmartZone Communications Center Collaboration Suite                   paris.d@comcast.net

**From Rafe: Paris Federal Lawsuit**                    Wednesday, February 11, 2009 2:40:53 PM
From: becky@refior.com
To: rgoldstein@garanlucow.com; Kuzmanlawoffices@aol.com
Cc: rlamere@phlyins.com

# Refior Law Office

February 11, 2009


Daniel C. Kuzman, Esq.                           **SENT VIA U.S. MAIL & EMAIL**
Law Office of Daniel C. Kuzman                     Kuzmanlawoffices@aol.com
2624 W. Lincoln Highway
Merrillville, IN 46410


Robert D. Goldstein, Esq.                        **SENT VIA U.S. MAIL & EMAIL**
GAREN LUCOW MILLER, PC                             rgoldstein@garanlucow.com
8332 Office Park Dr
Grand Blanc, MI 48439


Re:     Paris Federal Lawsuit

Gentlemen:

I am writing this letter to perhaps save you some time and to invite you to avoid some potential future difficulties. I assume you are working on your amended Complaint. In the first Complaint that was dismissed you included **Scott Grass** as a Defendant. Your allegations about any alleged wrongdoing were couched in terms of the Defendants, without identifying any particular person or entity. I assume in light of the dismissal that you will be changing that part of your pleading and you will name identified actors in your allegations.

I invite you to review the following cases: ***Thanongsinh v. Board of Education***, 462 F.3d 762, 783 (7th Circ., 2006) and ***Gastineau v. Fleet Mortgage Corporation***, 137 F.3d 490, 493 (7th Cir. 1998). The following language is instructive:

> Mr. Thanongsinh also challenges the district court's dismissal of his Title VII claim against Mr. Javetz in his official capacity. The district court held that this claim was duplicative of his claim against the School District. We agree. The