**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| DEBORAH PARIS,       )  | |
|     Plaintiff,       ) | |
|                                     ) | |
|     v.       )       | CAUSE NO.: 4:08-CV-71-PRC |
|                                     ) | |
| FAITH PROPERTIES, INC. and       ) | |
| FAITH CHRISTIAN SCHOOL, INC.,       )  | |
|     Defendants.       )  | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Renewed Motion for Judgment as a Matter of Law and Motion for a New Trial [DE 151], filed by Plaintiff Deborah Paris on July 8, 2011. Defendants Faith Properties, Inc. and Faith Christian School, Inc. (collectively "Defendants") filed an Amended Response on July 28, 2011, and Plaintiff filed a Reply on August 10, 2011.

On June 6, 2011, the Court began a jury trial in this matter. June 8, 2011, was the third and final day of trial. Prior to closing arguments, Plaintiff made a Rule 50(a) motion for judgment as a matter of law on the basis that the November 8, 2007 email authored by Scott Grass was evidence that Defendants intended to terminate Plaintiff's employment prior to the December 20, 2007 meeting. The Court denied the motion. Closing arguments were made first by counsel for Plaintiff and then by counsel for Defendants. Plaintiff did not make a rebuttal argument. No objections were made by counsel for Plaintiff during counsel for Defendants' closing arguments. That same day, the jury returned a verdict in favor of Defendants and against Plaintiff. Plaintiff then made an oral motion for a new trial, which was denied. The Clerk of Court entered judgment on June 10, 2011.

In the instant motion, Plaintiff renews her request for Judgment as a Matter of Law pursuant to Trial Procedure 50 and, in the alternative, seeks a new trial pursuant to Rule 59. The Court considers each in turn.

## A. Judgment as a Matter of Law

Federal Rule of Civil Procedure 50(b) provides:

If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment--or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged--the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
    (1) allow judgment on the verdict, if the jury returned a verdict;
    (2) order a new trial; or
    (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b). In ruling on a Rule 50(b) motion for judgment as a matter of law, the court construes the evidence and all reasonable inferences in a light most favorable to the party who prevailed under the verdict, which are Defendants in this case. *Tate v. Exec. Mgmt. Servs., Inc.*, 546 F.3d 528, 531-32 (7th Cir. 2008). The verdict should be overturned only if "no rational jury could have found for the [Defendants]." *Id*. at 532 (quoting *Waite v. Bd. of Trs.*, 408 F.3d 339, 343 (7th Cir. 2005)). "[T]he question is not whether the jury believed the right people, but only whether it was presented with a legally sufficient amount of evidence from which it could reasonably drive its verdict." *Massey v. Blue Cross-Blue Shield of Ill.*, 226 F.3d 922, 924 (7th Cir. 2000).

In support of this motion, Plaintiff offers one paragraph of argument with no citation to law (either for the standard under Rule 50(b) or as to the standard for her substantive Title VII retaliation claim) or testimony within the trial transcript. Plaintiff argues that, because Defendants offered no explanation for the cause of the November 8, 2007 email (which Plaintiff describes as evidencing intent to discharge Plaintiff immediately after she complained of sexual harassment), no reasonable jury could have found for Defendants. Plaintiff reasons that the November 8, 2007 email proves that

the top administrative officers of Faith Christian School considered terminating Plaintiff immediately after she had complained of sexual harassment and that the evidence proved that the Defendants did in fact terminate Plaintiff at the end of the semester as Defendants had expressly contemplated in the email.

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual . . . because he has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). To prevail on a claim of retaliation under Title VII, a plaintiff must prove "(1) a statutorily protected activity; (2) an adverse action taken by the employer; and (3) a causal connection between the two." *Tate*, 546 F.3d at 532 (quoting *Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 792 (7th Cir. 2007).

The November 8 email provided: "I think we need to consider replacing Mrs. Paris by semester." The Court finds that the November 8, 2007 email speaks for itself in the context of all the evidence as to causation presented at trial. Testimony was taken regarding the email. The meaning and content of the email was explored by Plaintiff at trial through the examination of witnesses, and Plaintiff argued the email to the jury. The jury heard the evidence regarding the email, observed the demeanor of the witnesses, and was able to weigh the meaning and import of the email in light of all the evidence and testimony, including the extensive evidence regarding what was said by whom during the December 20 meeting at which Plaintiff's employment was terminated and the reasons for Plaintiff's termination given immediately following the meeting. The Court finds that the jury had a legally sufficient basis to find in favor of Defendants on Plaintiff's retaliation claim and that a rational jury could have found for Defendants notwithstanding the

November 8, 2007 email. Therefore, the Renewed Motion for Judgment as a Matter of law is denied.

### B. Motion for New Trial

Federal Rule of Trial Procedure 59(a) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues–and to any party– . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Rule 59(b) then provides: "A motion for new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). A new trial may be granted when (1) a verdict is against the weight of the evidence, (2) damages are excessive, or (3) other reasons made the trial unfair to the moving party. *See Pickett v. Sheridan Health Care Ctr.*, 610 F.3d 434, 440 (7th Cir. 2010).

Plaintiff offers two bases for the grant of a new trial, both of which stem from Defendants' closing arguments. However, Plaintiff made no objections during Defendants' closing arguments. Thus, both of Plaintiff's new trial arguments were forfeited. *See Soltys v. Costello*, 520 F.3d 737, 745 (7th Cir. 2008) (recognizing that a challenge to portions of closing arguments was waived because no objection was made at the time the statements were made) (citing *Miksis v. Howard*, 106 F.3d 754, 764 (7th Cir. 1997); *Gonzalez v. Volvo of Am. Corp.*, 752 F.2d 295, 298 (7th Cir. 1985)). Nor does Defendants' alleged improper conduct rise to a level so prejudicial to Plaintiff that a new trial would be granted notwithstanding Plaintiff's failure to object.

Even had Plaintiff tendered an appropriate objection when the comments were made by counsel for Defendants, the challenges would still fail for the reasons set forth below. A new trial may be appropriate if statements made during an attorney's closing argument "influenc[e] the jury

in such a way that substantial prejudice resulted to the opposing party." *Gruca v. Alpha Therapeutic Corp.*, 51 F.3d 638, 644 (7th Cir. 1995) (internal citations omitted).  In general, "[a]ttorneys have more leeway in closing arguments to suggest inferences based on the evidence, highlight weaknesses in the opponent's case, and emphasize strengths in their own case." *Soltys v. Costello*, 520 F.3d at 745 (citing *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 732 (7th Cir. 1999)).  In *Soltys*, the court noted that the Seventh Circuit has repeatedly held that "improper comments during closing argument rarely rise to the level of reversible error."  *Id*. (citing *Miksis*, 106 F.3d at 764 (quoting *Doe v. Johnson*, 52 F.3d 1448, 1465 (7th Cir. 1995))).

Courts presume that juries follow the court's instructions, and there is no indication that the jury in this case was unable or unwilling to refrain from treating the statements of Defense counsel in closing arguments as evidence.  *See Soltys*, 520 F.3d at 744-45 (citing *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 699 (7th Cir. 2007); *Jones*, 188 F.3d at 732).  In this case, the Court's Preliminary Jury Instruction 16 provided, in relevant part: "First, the attorneys will have an opportunity to make opening statements.  These statements are not evidence. They are only previews of what the attorneys anticipate the evidence will be. . . .   When the evidence is completed, the attorneys will make final, or closing, arguments.  These final arguments are not evidence but are given to help you evaluate the evidence.  The attorneys are also permitted to argue, to characterize the evidence, and to attempt to persuade you to a particular verdict. You may accept or reject those arguments as you see fit." (Docket entry 132, p. 22).  Similarly, the Court's Final Jury Instruction No. 4 instructed that "the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts."  (Docket entry 136, p. 5).

In seeking a new trial, Plaintiff first argues that Defendants' presentation in closing argument that "Plaintiff was litigious and filed frivolous lawsuits" was prejudicial and violated the Court's prior orders in this case. Without citation to the Court's prior orders or the trial transcript, Plaintiff generally describes counsel for Defendants as having presented during closing arguments "all of the counts in plaintiff's complaint and their disposition throughout these proceedings." Pl. Br., p. 3. Plaintiff argues that, in doing so, Defendants intended to portray Plaintiff as a litigious individual who filed frivolous lawsuits, thus prejudicing the jury with information that the Court had previously ordered Defendants not to present.

> Counsel for Defendant made the following statements during closing arguments:
>
> This is not a case of sexual harassment. This is not a case of sexual discrimination. This is not a case of hostile environment. This is not a case of breach of contract. This is not a case of defamation. None of those things are in this case, and so, throughout the course of this case, if you have considered any of those as being part of Mrs. Paris' claims that she could seek recovery for, that is just not part of what we're doing.

Def. Br., App. 1-4, p. 11. As counsel made each of these statements, he showed a power point presentation screen of each statement typed out. These statements by themselves are true, do not reference Plaintiff's prior claims, and do not suggest that Plaintiff is "litigious." Defendants argue that, because counsel for Plaintiff had elicited testimony from Plaintiff and her son during Plaintiff's case-in-chief regarding the effect on Plaintiff (how she "felt") of the isolated incidents of alleged sexual harassment, Defendant sought to clarify for the jury the narrow focus of Plaintiff's claim as retaliation only. Defendants explain that they were drawing a distinction in closing arguments between Plaintiff's active claim of retaliation and other claims or matters the jury should not consider.

Plaintiff disagrees, replying that her attorney elicited that testimony to show that Plaintiff had a "reasonable, good faith belief, not groundless, that she was experiencing sexual harassment," an element of her retaliation claim. *See* Court's Final Jury Instruction No. 17. Regardless of why Plaintiff elicited the testimony, the cited portion of Defendants' closing arguments cannot be construed as "stirring the resentment arousing the prejudice of the jury." Pl. Br., p. 2. Nor has Plaintiff explained how the fleeting references to her other claims influenced the jury's verdict, constituted a fundamental trial error, or constituted a deliberate appeal to the jury to substitute sympathy for judgment. *See* Pl. Reply, p. 5.

In her reply brief, Plaintiff notes that she filed a Motion in Limine prior to trial to preclude Defendants from making reference to her prior claims in this case. The Court denied the motion as moot because Defendants had represented to the Court that they would not attempt to make such statements at trial. (Docket entry 119, p. 2). Plaintiff then notes that, during the course of the trial, counsel for Defendant (1) made a reference to Plaintiff's other claims in opening statements (without objection by Plaintiff); (2) stated that Plaintiff's "sexual harassment claim was dismissed" while making an evidentiary objection in the presence of the jury (without objection by Plaintiff); (3) asked Peter Paris on cross examination if he remembered that it had already been determined in this case that the first of the two incidents did not constitute actionable sexual harassment (with an objection by Plaintiff: "Are we going to be admitting Court rulings that have not been reduced to final judgment as evidence in this case? And, if so, for what purpose?" (Trial Transcript, p. 84) (Docket entry 165)); (4) during the cross examination of Plaintiff, counsel asked in relation to a letter authored by Plaintiff and entered into evidence by Plaintiff, "Those very words are the words upon which you based a lawsuit against Scott Grass personally for defamation; isn't that right?"

7

(Trial Transcript, p. 208) (Docket entry 165) (with an objection by Plaintiff); and (5) referenced the "defamation lawsuit against Scott Grass was thrown out" in his closing statements (Def. Br., Exh. 1-4, p. 32) (without objection by Plaintiff).

At no time did Plaintiff ask the Court for a side bar conference to reconsider the Court's ruling on her Motion in Limine or to suggest to the Court that Defendants had contravened their representation to the Court that they would not talk about the other claims in this case. Defendants' references to the defamation claim in relation to the letter introduced into evidence by Plaintiff were made to demonstrate that, although Plaintiff introduced the letter into evidence, the letter was unrelated to her belief that she had suffered sexual harassment or to her claim of retaliation. In the context of all the evidence presented at trial and given the jury's rather brief deliberation time (one hour and 28 minutes, including lunch first), the brief references to the sexual harassment claim and the defamation claim during trial were not prejudicial in that they were not sufficient enough to provide a background for the brief references in closing statements to sexual harassment, sexual discrimination, hostile environment, breach of contract, and defamation. Therefore, even if Plaintiff had objected to these statements made in Defendants closing argument, the Motion for New Trial would be denied.

As a second basis for a new trial, Plaintiff argues that Defendants' presentation of law in closing arguments misinformed the jury and violated this Court's prior ruling on admissible jury instructions. In her opening brief, Plaintiff contends that, even though the "court ruled against defendants' motion to include a jury instruction that the school administrator's subjective belief as to his reason for discharging plaintiff was a proper jury instruction, defendants nevertheless violated this court's ruling by informing the jury to the contrary." Pl. Br., p. 3. Plaintiff does not identify

in her opening brief which of counsel's statements in closing arguments misinformed the jury of the law nor does she identify which of Defendants' instructions she is referencing. It is only in her reply brief that she clarifies that she is referencing Defendants' proposed jury instruction about which "it was determined that the McDonnell-Douglas analysis applies only on Summary Judgment and not at trial" and "[t]herefore, the pretext test regarding the subjective belief of the defendant as to grounds for the discharge was not included in the final instructions." Pl. Reply, p. 7. Plaintiff also identifies in her reply brief the objectionable portion of the Defendants' closing argument:

> Here's a very important thing that you need to know, also, about the law in this Federal Circuit. This is really key. It doesn't matter what Mrs. Paris and her husband meant or intended by the words that they may have used at that meeting. It doesn't matter if Scott Grass misinterpreted it. It doesn't matter if he was unreasonable in how he connected the dots.
> If Scott Grass reasonably -- I'll say it again. That's not the word in the law. If Scott Grass honestly believed that Mrs. Paris was agreeing with her husband, if Mrs. Paris was siding with her husband with those terrible statements, and, therefore, making her insubordinate, disrespectful and so forth, that's all it takes is for Scott Grass to honestly believe that.

(Trial Transcript, p. 421-22) (Docket entry 167). Again, Plaintiff did not object to these statements at the time they were made. There is no reference in these statements to the *structure* of the *McDonnell-Douglas* burden-shifting analysis, which falls away at trial. Rather, this is an accurate statement of the law and is not inconsistent with the Court's jury instructions. The fact that the Court did not include the language in its instructions did not preclude Defendants from arguing applicable legal principles in closing arguments. *See Gehring v. Case Corp.*, 43 F.3d 340, 343 (7th Cir. 1994) ("[A] judge need not deliver instructions describing all valid legal principals."); *Carruth v. Cont'l Gen. Tire*, No. 98-CV-4233, 2001 WL 1775992, at * 12 (S.D. Ill. June 21, 2001) (holding that it was unnecessary to give a jury instruction about pretext/honest belief because the burden-

9

shifting model applies to pretrial proceedings and because the legal principle could be argued by counsel in closing arguments).

The Court's Final Jury Instruction 18 provided: "In deciding Plaintiff Deborah Paris' claim, you should not concern yourselves with whether the school's actions were wise, reasonable, or fair. Rather, your concern is only whether she has proved that the school terminated her employment in retaliation for complaining about sexual harassment." (Docket entry 136, p. 19). The Court's Final Jury Instruction 19 provided:

> In deciding whether or not Deborah Paris was discharged from her employment because of her complaints of sexual harassment, it is not necessary for you to find that Deborah Paris was, in fact, being sexually harassed, but, rather, you need to find that Deborah Paris had a reasonable, good faith belief that she was being sexually harassed, complained to her employer, and her complaints were a substantial or motivating factor in the school's decision to fire her.

(Docket entry 136, p. 20). The Court's Final Jury Instruction 21 provided:

> To prove retaliation Deborah Paris must show a causal connection between her participation in a statutorily protected activity (in this case her complaint about what she reasonably believed in good faith to be sexual harassment) and her termination. To establish a causal connection between Deborah Paris' allegedly protected conduct and her termination, Deborah Paris must prove by a preponderance of the evidence that her complaints were "a substantial or motivating factor" in the school's decision to fire her.

(Docket entry 136, p. 22).

Accordingly, even if counsel had objected during closing arguments, the verdict is not against the weight of the evidence, no other reasons make the trial unfair to Plaintiffs, and the Motion for New Trial would be denied.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Renewed Motion for Judgment as a Matter of Law and Motion for a New Trial [DE 151]. The Court further denies Defendants' request made in their response brief that they be awarded attorney fees for responding to this motion.

SO ORDERED this 1st day of September, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record