**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| DEBORAH PARIS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 4:08-CV-71-PRC |
| ) | |
| FAITH PROPERTIES, INC. and ) | |
| FAITH CHRISTIAN SCHOOL, INC., ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Verified Motion for Attorney's Fees [DE 145], filed on June 24, 2011. Plaintiff filed a response on July 8, 2011, and Defendants filed a reply on July 14, 2011. Defendants bring the motion pursuant to 28 U.S.C. § 1927, asserting that Plaintiff vexatiously multiplied the proceedings, and pursuant to Federal Rule of Civil Procedure 11, arguing that Plaintiff failed to make a reasonable investigation before filing and continuing the suit.

**BACKGROUND**

On September 17, 2008, Plaintiff filed a Complaint with a count alleging a violation of 42 U.S.C. § 2000(e) for sexual harassment and discrimination and a count alleging defamation against Scott Grass, Faith Properties, Inc., and Faith Christian School, Inc. On November 12, 2008, Defendants filed a Motion to Dismiss, which District Court Judge Allen Sharp granted, after a hearing, in a two-sentence order on January 30, 2009, granting Plaintiff leave to file an amended complaint by March 2, 2009.

On February 11, 2009, Defendants' counsel sent a letter to Plaintiff's attorney, asserting that there was no legal basis for suing Scott Grass personally. On February 25, 2009, Plaintiff filed an Amended Complaint. On February 27, 2009, Defendants' attorney wrote to Plaintiff's attorney and warned that if Plaintiff did not dismiss her Complaint, sanctions would be sought under § 1927 and

Rule 11. A similar letter was sent on March 16, 2009. On March 19, 2009, Defendants filed a Motion to Dismiss. On March 24, 2009, Defendants' counsel again wrote to Plaintiff's counsel, demanding Plaintiff's dismissal of her case.

On April 6, 2009, Plaintiff herself wrote to the Court, advising that she believed her attorneys had a conflict of interest in this case and asking for a stay. On April 10, 2009, Plaintiff's first attorneys filed a Motion to Withdraw Appearance. Plaintiff's current attorney entered his appearance on May 23, 2009. On May 29, 2009, Plaintiff filed a Motion for Leave to File Second Amended Complaint, which was granted, and she filed her Second Amended Complaint on June 16, 2009.

On June 17, 2009, Defendants' attorney sent Plaintiff's new attorney a copy of all the correspondence he had sent the prior attorneys and demanded that Plaintiff dismiss her lawsuit. On June 24, 2009, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint. On December 8, 2009, District Court Judge Joseph Van Bokkelen granted in part and denied in part the Motion to Dismiss, dismissing Counts I (sexual discrimination), II (hostile work environment), and IV (defamation) of the Complaint in their entireties and Count V (retaliatory discharge) of the Complaint as to Scott Grass only. Counts III (breach of contract) and V (retaliatory discharge) remained pending.

On July 6, 2010, Defendants filed a Motion for Summary Judgment as to the remaining counts. On January 31, 2011, the Court issued an Order, granting summary judgment on Count III (breach of contract) and denying summary judgment on Count V (retaliatory discharge).

A jury trial was held in this case from June 6, 2011, through June 8, 2011. On the third day of trial, the jury was excused to begin deliberation at 12:12 p.m. The parties and the Court were

notified at 1:15 p.m. that the jury had reached a verdict. Open Court resumed at 1:40 p.m., at which time the jury returned a verdict in favor of Defendants.

## ANALYSIS

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees incurred because of such conduct." 28 U.S.C. § 1927. Such sanctions are to be awarded solely in the discretion of the court. *See Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988). As is plain from the statute, § 1927 sanctions require that the sanctioned party have acted both "unreasonably and vexatiously." *Moriarty v. Svec*, 429 F.3d 710, 722 (7th Cir. 2005). The Seventh Circuit has held that "either subjective or objective bad faith is a prerequisite for awarding [§ 1927] sanctions." *Dal Pozzo v. Basic Mach. Co., Inc.*, 463 F.3d 609, 614 (7th Cir. 2006); *Moriarty*, 429 F.3d at 722. Objective bad faith can be demonstrated by a showing of "reckless indifference to the law," such as where "a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Dal Pozzo*, 463 F.3d at 614 (quotation marks and citations omitted); *see also The Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006).

Federal Rule of Civil Procedure 11 provides, in relevant part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11 further provides that "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).

In this case, the Court finds that counsel for Plaintiff did not act so unreasonably or vexatiously that sanctions are warranted under § 1927 and did not fail to conduct an adequate inquiry before or during the litigation that would require the imposition of sanctions pursuant to Rule 11.

Although only one claim survived summary judgment and Defendants were ultimately successful on that claim of retaliation under Title VII, a parties' ultimate success in a case does not automatically entitle the party to attorney fees. To find otherwise would be in direct conflict with the "American" rule, which generally does not provide for fee-shifting.

Vigorously defending their case, Defendants have asserted from the beginning that Plaintiff's claims were groundless and have insisted that she dismiss her Complaint with prejudice. Defendants are correct that Counts I, II, and IV did not survive the Motion to Dismiss. In the Order on the Motion to Dismiss, the Court rejected Defendants' argument that the Court lacked subject matter jurisdiction over the claim because it was so "insubstantial and frivolous," finding that the behavior Plaintiff describes in her Second Amended Complaint constitutes appropriate subject matter for a Title VII claim. Count I was dismissed because Plaintiff did not allege a sufficient factual basis to

support her claim of sexual discrimination. In dismissing Count II, the Court found that, as a matter of law, the incidents alleged by Plaintiff that formed the basis of her hostile work environment claim were neither sufficiently severe or pervasive to create an actionable hostile workplace. The Court dismissed her claim of defamation per se, which was based on allegations that the letter at issue would harm her in her profession, because the Court found, as a matter of law, that the statements by Grass in the letter do not rise to the level of being "so obviously and naturally harmful that proof of their injurious character can be dispensed with." (Docket entry 58, p. 13) (quoting *Levee v. Beeching*, 729 N.E.2d 215, 220 (Ind. Ct. App. 2000)). Finally, as to the claim against Grass, the Court found that Plaintiff had brought the retaliation claim against him in his capacity as an agent of the school and dismissed Count V against Grass because the Seventh Circuit Court of Appeals has recognized that Title VII does not impose personal liability on agents of the employer.

In denying the Motion to Dismiss as to her retaliation claim, the Court recognized that Plaintiff's failure to state a claim for discrimination under Title VII is irrelevant for purposes of the retaliation claim. Plaintiff's claim survived because she alleged that she was terminated for complaining of sexual harassment and discrimination, which is a protected activity within the scope of Title VII. Plaintiff's breach of contract claim survived because she pled sufficient facts to state a claim.

On summary judgment, the Court granted judgment in favor of Defendants on Plaintiff's breach of contract claim only after first finding, contrary to Defendants' arguments, that there was in fact an employment contract. Plaintiff's retaliatory discharge claim survived summary judgment on the basis that there was a genuine issue of material fact as to whether Grass fired Plaintiff because she had complained of what she believed to be sexual harassment.

In the instant motion, Defendants argue that Plaintiff's motive in this litigation was to "get back at" the Defendants for her employment termination even though her claim was "groundless." However, the majority of Plaintiff's claims that were dismissed prior to trial were done so based on a legal finding of the insufficiency of the facts alleged, a determination to be made by the Court. Although Count V was dismissed against Scott Grass because Title VII does not provide a cause of action against the individual agent for Plaintiff's retaliation claim, Count IV, which was also brought against Grass, was dismissed, not because Grass was not a proper defendant but because the Court found, as a matter of law, that Grass' statements underlying the defamation per se claim did not rise to an actionable level. While Plaintiff's breach of contract claim did not survive summary judgment, she did establish that she was hired under contract, contrary to Defendants' assertion, but failed to raise a genuine issue of material fact as to Grass' honest belief regarding the basis of her termination. As noted above, the Plaintiff's retaliation claim survived summary judgment and went to trial. Although the jury ultimately only deliberated for approximately an hour and rendered a verdict in favor of Defendants, the Court cannot say that the factual basis of her claims was so frivolous to warrant sanctions given all the circumstances in this case.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendants' Verified Motion for Attorney's Fees [DE 145].

SO ORDERED this 27th day of October, 2011.

        s/ Paul R. Cherry
        MAGISTRATE JUDGE PAUL R. CHERRY
        UNITED STATES DISTRICT COURT

cc:    All counsel of record